Frederic W. Procter v. Commissioner.
Frederic W. Procter v. Commissioner
Docket No. 111015.
United States Tax Court
1945 Tax Ct. Memo LEXIS 252; 4 T.C.M. (CCH) 359; T.C.M. (RIA) 45113; March 31, 1945
*252 Thomas H. Fisher, Esq., 135 S. La Salle St., Chicago, Ill., for the petitioner. John T. Rogers, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: This proceeding has been returned to this Court under a Mandate from the United States Circuit Court of Appeals for the Fourth Circuit, reading, in part, as follows: It is now here ordered and adjudged by this Court that the decision of the said The Tax Court of the United States, in this cause, be, and the same is hereby, reversed; and that this cause be, and the same is hereby, remanded to The Tax Court of the United States for further proceedings, not inconsistent with the opinion of the Court filed herein. [The Facts] Accordingly, the case was set down for further hearing. At such hearing a further stipulation of facts was filed. We find the facts as stipulated, which are as follows: IT IS HEREBY STIPULATED AND AGREED by and between FREDERIC W. PROCTER and the COMMISSIONER OF INTERNAL REVENUE, by their respective attorneys, that the following additional facts shall be taken as true, provided, however, that this further stipulation shall be without prejudice to the right of either party to object *253 to the competency, relevancy or materiality of such additional facts, and without prejudice to the right of either party to introduce other and further evidence not at variance with the facts herein stipulated: 1. That the present worth of the right to receive $1 at the death of a person aged 63 years, provided a person aged 36 years shall survive, is $0.56445. 2. That the present worth of the right to receive $1 each year after the death of a person aged 63 years, until a person aged 36 years shall attain the age of 40 years or until his earlier death, is $0.33902. 3. That the present worth of the right to receive $1 either at the end of 4 years, if a person aged 63 years shall have died and a person aged 36 years shall survive the 4-year period, or at the death of a person aged 63 years occurring after 4 years but during the life of a person aged 36 years, is $0.55377. 4. That the present worth of the right to receive $1 at the death of a person aged 63 years, provided that it occurs after the death of a person aged 36 years, is $0.07154. 5. That the present worth of the right to receive $1 at the death of a person aged 36 years, provided that it occurs within 4 years *254 and after the death of a person aged 63 years, is $0.00269. 6. That the foregoing factors, which are stipulated in Paragraphs 1 to 5 inclusive, are based on the Actuaries' or Combined Experience Table of Mortality with compound interest at the rate of 4% a year as provided by Article 19 of Regulations 79 relating to Federal gift tax under the Revenue Act of 1932 as amended. 7. That Frederic W. Procter elects to claim specific exemption against the gifts alleged to be subject to the Federal gift tax herein in the amount of $40,000. 8. That no actuarial or other recognized method exists to determine the following: (a) Whether Lillian S. Procter will or will not foreclose on the security pledged under petitioner's $686,300.03 notes during her lifetime. (b) Whether the fair market value of the corpora of the two trusts created by Harley T. Procter on December 29, 1914, and by Article Six of his Last Will and Testament will or will not exceed the sum of $686,300.03 upon the date upon which Lillian S. Procter forecloses on said security pledge or dies. (c) What will be the fair market value of the corpora of said two trusts, if any, after the petitioner's notes of $686,300.03 *255 are satisfied and paid, in fact. (d) Whether Lillian S. Procter will die leaving children other than Frederic W. Procter, or grandchildren other than Frederic W. Procter, Jr. and Patricia Marise Procter. (e) Whether Frederic W. Procter will die leaving issue other than Frederic W. Procter, Jr. and Patricia Marise Procter. (f) Whether the children or other issue of Frederic W. Procter will die leaving issue or widows. Despite the clarity with which the Circuit Court has laid down the rule for determining the amount of the net gift under the trusts created by petitioner on January 13, 1939, the parties have been unable to agree upon the proper actuarial formulae to be applied under the rule. It devolves upon us to determine from the stipulated several formulae the factors which we consider applicable under the Circuit Court's opinion. In our prior decision in this proceeding, we found that petitioner was remainderman under an inter vivos trust and a testamentary trust created by his grandfather; that the value of the corpus of the inter vivos trust on January 13, 1939 was $928,593.70 and the value of the corpus of the testamentary trust on that date was $961,552.68; petitioner *256 was entitled to receive the corpus of the inter vivos trust on the death of his mother; and the corpus of the testamentary trust in the event he survived his mother and reached the age of 40 years; petitioner was 36 years of age and his mother, 63 years of age on January 13, 1939; petitioner was then indebted to his mother on demand notes, without interest, in the amount of $686,300.03; there was no agreement to postpone the demand and collection of the notes; and that these notes were secured by an assignment of petitioner's interest in the trusts created by his grandfather. Applying the actuarial formulae which had been stipulated, we found the value of the remainder interest at the date of petitioner's death. As the value of the remainder interest was less than the amount of petitioner's indebtedness to his mother, we held that the gift had no value. The Circuit Court held that the value of the corpora of the trusts should be ascertained with reference to the date of the death of petitioner's mother rather than with reference to his death. The Circuit Court illustrated the application of the rule it laid down as follows: If it be assumed, to illustrate, that the present worth *257 of the right to receive $1.00 at the death of the mother was $0.56445 (as we are assured by government counsel is correct) the present worth of the corpus of the first trust as of January 15, 1939, was $524,144.71. This amount set off against the amount of the notes, $686,300.03, would leave a balance of $162,155.32. Using the figures $0.55377 as representing the present worth of $1.00 payable at the death of the mother, provided taxpayer had attained the age of 40 at that time, it is clear that $292,820.70 of the corpus of the second trust (i.e., $162,155.32 / $0.55,377) would have to be set off against the notes, leaving a balance of the corpus of $668,731.98 as representing the value of property from which the taxpayer would receive income during his life and which would go to his children at his death. The present worth of this should be found by applying the formula.24883; and this would be the amount subject to the gift tax. What is said in this paragraph is of course said merely for the purpose of illustrating the rule laid down in the preceding paragraph. It is for the Tax Court, not for us, to find the correct formulae and apply them to the facts. On a petition to grant *258 a rehearing or to modify the decision, the Circuit Court wrote a per curiam opinion in which it said: Complaint is made of the computation made in the opinion by way of illustration for the guidance of the Tax Court. We see no reason to modify that computation. The first problem is to find what part of the corpora of the estates, available only at the death of taxpayer's mother for the payment of his debts, should be deducted on account of the indebtedness presently due for the security of which taxpayer's interest in the trusts had been assigned. Assuming the formulae used to be correct, the computation shows correctly what this deduction should be. The remainder is the amount upon which taxpayer has reserved the income for the term of his life after the death of his mother, and the principal of which he has given at his death to his children. It is not necessary to consider that the mother is to receive the income of the entire property during her life; for deduction is made with respect to the property available at her death, the deduction being of a sufficient amount thereof to provide a present value sufficient to extinguish the debts. The second problem is to find the present *259 value of the gift to the children. This is manifestly the present value of the corpora of the estates left after deducting what is necessary to extinguish the debts, this present value to be computed with respect to the death of the taxpayer. The taxpayer's expectancy includes his mother's expectancy; and it is accordingly necessary to use only the factor which determines the present worth of property at his death. On rehearing the parties have stipulated the two actuarial factors, i.e., $0.56445, as representing the present worth of the right to receive $1 at the death of the mother, and $0.55377, as representing the present worth of $1 payable at the death of the mother provided petitioner had attained the age of 40 at that time, as being the proper factors to be applied. Furthermore, the parties have stipulated three other factors which are contained in paragraphs numbered 2, 4 and 5 of the stipulation set forth in detail herein. Petitioner objects to the use of the actuarial factor contained in paragraph 2 on the ground that it is irrelevant and immaterial, and the respondent objects to the use of the factors contained in paragraphs 4 and 5 of the stipulation on like grounds. *260 We are of the opinion that none of these three additional factors are relevant or material, and so hold. The two factors used by the Circuit Court in its illustrative computation, i.e., $0.56445 and $0.55377, now stipulated to be correct, constitute, in our opinion, all the additional formulae required to compute the value of the gift under the rule and method of computation laid down in the opinion of the Circuit Court. The remaining three actuarial factors are thus immaterial and irrelevant. We adopt the computation contained in the opinion of the Circuit Court as correct. That computation shows that after setting off a sufficient sum to extinguish petitioner's indebtedness to his mother, the value of the corpora of the two trusts from which petitioner would receive the income is $668,731.98. In our prior decision we found the present worth of the right to receive $1 at petitioner's death provided it occurred after 4 years and after the death of his mother was $0.24883. Applying that formula to the value of the corpora ($668,731.98 X.24883) the result is $166,400.58, which constitutes the present value of the remainder which was given to the children. That is, therefore, the value *261 of the gift. Since it has been stipulated that petitioner elects to claim a specific exemption in the amount of $40,000, only the balance, $126,400.58, will be subject to gift tax. That tax is $10,566.07. There is, therefore, a deficiency in gift tax for the year 1939 in the amount of $10,566.07. Decision will be entered accordingly.